JAMES W. ELLSWORTH

v.

MINER T. AMES.

*Bill to Compel Transfer of Certificate of Membership in Board of Trade.*

This court affirms, upon the evidence, the decree of the court below, directing the defendant to transfer to the complainant a certificate of membership in the Chicago Board of Trade.

[Opinion filed February 2, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. O. A. HARKER, Judge, presiding.

Mr. MELVILLE W. FULLER, for appellant.

It is established by a preponderance of evidence that the certificate of membership in question belonged to Ellsworth.

The case of Weaver v. Fisher, 110 Ill. 146, therefore does not apply, and this cause is nothing more than a bill for the specific performance of an alleged agreement on the part of the defendant to deliver a certificate to the complainant, and such is the decree.

The general rule is that this remedy is not obtainable in equity where damages at law will afford adequate and just relief. No special value attaches to this certificate, and the money which will pay for one will, as the evidence shows, as readily purchase another.

The rule in America is that the specific performance of a contract for the transfer of shares, stocks or bonds will not be decreed. Ross v. Un. Pac. R. R. Co., 1 Woolw. (U. S. C. Ct.) 26, 32; Jones v. Newhall, 115 Mass. 248; Pomeroy on Contracts, Specific Performance, Secs. 17, 18 and 19; Fallon v. R. R. Co., 1 Dillon, 123; 1 Story's Eq. Jur., Sec. 717 *et seq.;* Barton v. DeWolf, 108 Ill. 195.

E'lsworth v. Ames.

Mr. Thomas Dent, for appellee.

The decree of the Circuit Court found that the appellee was entitled to a transfer of the certificate of membership in the Board of Trade of the City of Chicago, which was the subject of controversy, and required appellant to make such transfer. This was upon principles declared by the Supreme Court in Weaver v. Fisher, 110 Ill. 146, for the case established a trust on the part of the appellant in respect to the certificate.

The present holding by the appellant of the certificate of membership is fraudulent in as full a degree as was the case in Weaver v. Fisher, and with more tergiversation and aggravation of unfair delay. Under such circumstances, there being a trust and a lien upon the certificate in favor of the appellee, the filing of a bill in equity to enforce the transfer of the certificate was proper. Weaver v. Fisher, 110 Ill. 146; Jones v. Fisher, 18 Chicago Legal News, 205; Barclay v. Smith, 107 Ill. 349.

*Per Curiam.* This is an appeal from a decree of the Circuit Court directing the transfer from appellant to appellee of a certain certificate of membership in the Board of Trade of the City of Chicago. We think the evidence in the record fully supports the decree of the court.

The certificate was held by appellant at the time of the filing of the bill under such circumstances as made it in equity the property of appellee, and gave the appellee the right to a decree of a court of equity compelling its transfer to him.

There is no error and the decree of the court will therefore be affirmed.

*Decree affirmed.*